UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          -v.-<br><br>LEO OUTLAW,<br><br>                    Defendant. | 17 Cr. 118-5 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

This Court has received the application of Defendant Leo Outlaw for compassionate release, in the form of immediate release from custody to begin serving his term of supervised release, pursuant to 18 U.S.C. § 3582(c)(1)(A) (*see* Dkt. #262 (*pro se* application), 265 (counseled supplement)), as well as the Government's opposition to same (*see* Dkt. #268).  After reviewing the record, the Court agrees with the Government (*see* Dkt. #268 at 2-4) that the application that was made to the Bureau of Prisons (the "BOP") by Mr. Outlaw in or about April 2020 was not — and was not understood by the BOP to be — a request for compassionate release under § 3582(c)(1)(A) (*see* Dkt. #268-1, 268-2).  Rather, the request to the BOP was one for home confinement pursuant to 18 U.S.C. § 3624(c)(2).  The nature of the request is clear from, among other things, the facts that (i) the request itself makes no mention of "compassionate release" or § 3582(c)(1)(A); (ii) the request instead requests a transfer to home confinement, which is governed by § 3642(c); and (iii) the BOP response to the request similarly makes no mention of "compassionate release" or § 3582(c)(1)(A), instead referring to home confinement, § 3642(c), and the CARES Act.

This Court has previously concluded that "[a] defendant may move under § 3582(c)(1)(A) only after the defendant has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (noting prior denial without prejudice because of failure to exhaust administrative requirements).  On this record, the Court concludes the same, and denies Mr. Outlaw's application without prejudice to its renewal after exhausting administrative remedies.

The Clerk of Court is directed to terminate the motions at docket entries 262 and 265.  Defense counsel is directed to assist Mr. Outlaw in submitting an application for compassionate release at counsel's earliest possible opportunity, if Mr. Outlaw still seeks this relief.  It is the Court's hope that BOP personnel at FCI Allenwood Medium will promptly process any request.

SO ORDERED.

Dated: October 30, 2020
New York, New York

*Katherine Polk Failla*
———————————————
KATHERINE POLK FAILLA
United States District Judge