UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>LEO OUTLAW,<br><br>Defendant. | 17 Crim. 118 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Mr. Outlaw's letter of October 21, 2021, seeking reconsideration of this Court's denial of his prior application for compassionate release. (Dkt. #301). The Government opposes this application. (Dkt. #303). By way of relevant background, on October 30, 2021, the Court denied Mr. Outlaw's first application for compassionate release, on the grounds that he had not exhausted his administrative remedies, as outlined in 18 U.S.C. § 3582(c)(1)(A). (Dkt. #271). Because Mr. Outlaw has still yet to seek relief from the Bureau of Prisons (the "BOP"), and the Government has not indicated its willingness to permit waiver or forfeiture of that right, *see United States* v. *Saladino*, 7 F.4th 120, 123 (2d Cir. 2021), the Court declines to disturb its earlier ruling. Accordingly, Mr. Outlaw's request for reconsideration of his application for compassionate release is DENIED.

Mr. Outlaw bases his request for reconsideration on the spread of COVID-19, particularly the Delta variant, within the facility at which he is incarcerated. (*See* Dkt. #301). Mr. Outlaw says that he faces a dire risk because he is unvaccinated and asthmatic. (*Id.*). The Government sets forth

three reasons for its opposition to Mr. Outlaw's request: (i) failure to exhaust his administrative remedies; (ii) a lack of "extraordinary and compelling reasons" warranting release; and (iii) the factors outlined in 18 U.S.C. § 3553(a) counsel against granting the requested relief. (*See* Dkt. #303). With respect to the first rationale, the Government represents that the "BOP does not have a record of any other requests made by the defendant since" his May 2020 request to the BOP for home confinement. (*Id.* at 3).

As the Court explained in its Order denying Mr. Outlaw's initial compassionate release application, "[a] defendant may move [for compassionate release] under § 3582(c)(1)(A) only after the defendant has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." (Dkt. #271 at 2 (quoting *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020))). The Second Circuit has clarified that this administrative exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *Saladino*, 7 F.4th at 121. At this time, there is no indication that Mr. Outlaw has sought compassionate release from the BOP, despite the Court's direction to defense counsel "to assist Mr. Outlaw in submitting [such] an application … at counsel's earliest possible opportunity" in its Order on Mr. Outlaw's first application. (Dkt. #217 at 2).

2

The Government has also not expressed its willingness to waive this right in Mr. Outlaw's case.  Thus, for largely the same reasons it denied Mr. Outlaw's initial request for compassionate release, the Court likewise denies this request for reconsideration of that decision.[1]

The Clerk of Court is directed to mail a copy of this Order to Mr. Outlaw at his address of record.

SO ORDERED.

Dated:   November 11, 2021
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[1]   Because the Court rests this conclusion on Mr. Outlaw's failure to exhaust his administrative remedies, the Court expresses no opinion as to the Government's other proffered bases for denial of Mr. Outlaw's request for compassionate release.